

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 18, 1951

Hon. John Peterson
County Attorney
Potter County
Amarillo, Texas

Opinion No. V-1326

Re: Legality of the county nurse's
administering barbiturates to
a county patient under orders
of the physician employed by
the county to care for its indi-
gent patients subsequent to the
enactment of Senate Bill 295,
Acts 52nd Legislature.

Dear Sir:

Your request for our opinion is substantially as follows:

The Walker Convalescent Home, operated by Pot-
ter County, is caring for a county patient who is ad-
dicted to barbiturates. The county nurse, under the
orders of the physician employed by the county to ad-
minister to its indigent patients, has been purchasing
these barbiturates through a wholesale drug house in
order to obtain them at a lower cost. There is on
hand, at present, approximately four months' supply.
The county nurse, under the direct supervision of the
physician employed by the county to care for its in-
digent patients, has been administering the barbitu-
rates to the patient. Is it legal for the county nurse
to continue to give these barbiturates, under the doc-
tor's orders, in view of Senate Bill 295, Acts 52nd
Leg., R.S. 1951, ch. 413, p. 758?

The pertinent parts of Senate Bill 295, supra, are as fol-
lows:

"Sec. 3. The following acts, the failure to act as
hereinafter set forth, and the causing of any such act
or failure are hereby declared unlawful except as pro-
vided in Section 4:

"(a) The delivery of any barbiturate unless:

"(1) Such barbiturate is delivered by a pharma-
cist, upon an original prescription, and there is af-
fixed to the immediate container in which such drug
is delivered a label bearing (A) the name and address

of the owner of the establishment from which such drug was delivered; (B) the date on which the prescription for such drug was filled; (C) the number of such prescription as filed in the prescription files of the pharmacist who filled such prescription; (D) the name of the practitioner who prescribed such drug; (E) the name and address of the patient, and if such drug was prescribed for an animal, a statement showing the species of the animal; and (F) the directions for use of the drug as contained in the prescription; or

"(2)  Such barbiturate is delivered by a practitioner in the course of his practice and the immediate container in which such drug is delivered bears a label on which appears the directions for use of such drug, the name and address of such practitioner, the name and address of the patient, and, if such drug is prescribed for an animal, a statement showing the species of the animal.

"  . . .

"(e)  The possession of a barbiturate by any person unless such person obtained the drug under the specific provision of Section 3a (1) and (2) of this Act and possesses the drug in the container in which it was delivered to him by the pharmacist or practitioner selling or dispensing the same; and any other possession of a barbiturate shall be prima facie evidence of illegal possession."

"  . . .

"Sec. 5.  The provisions of paragraphs (a) and (e) of Section 3 shall not be applicable: (a) to the delivery of barbiturates to persons included in any of the classes hereinafter named, or to the agents or employees of such persons, for use in the usual course of their business or practice or in the performance of their official duties, as the case may be; or (b) to the possession of barbiturates by such persons or their agents or employees for such use:

(1)  Pharmacists;
(2)  Practitioners;
(3)  Persons who procure barbiturates (A) for disposition by or under the supervision of pharmacists or practitioners employed by them; or (B) for the purpose of lawful research, teaching, or testing, and not for resale;

(4)  Hospitals and other institutions which procure barbiturates for lawful administration by practitioners;

(5)  Officers or employees of Federal, State, or local Government;

(6)  Manufacturers and Wholesalers;

(7)  Carriers and Warehousemen."

Section 2 of the Act defines "practitioner" as including a person licensed by the State Board of Medical Examiners.

Under the language of Section 5 of the Act, physicians and their agents or employees are exempt from the provisions of Section 3 relating to the delivery and possession of barbiturates.  Since the county nurse received and possesses the barbiturates for the purpose of administering them under the orders of a physician, she is acting as his agent and comes within the exemption of subdivision (2) of Section 5.  It is unnecessary for us to determine whether she is also exempt under other subdivisions of this section.

Therefore, it is our opinion that the possession of these barbiturates under the circumstances outlined in your letter is not illegal and that the county nurse may continue to purchase and administer barbiturates to a patient in a county institution under direct supervision of the physician employed by the county to care for its indigent patients.

In this connection, we call your attention to the provision of Section 6 of the Act which reads:

"Persons (other than carriers) to whom the provisions of Section 5 are applicable shall: (1) make a complete record of all stocks of barbiturates on hand on the effective date of this Act and retain such record for not less than two (2) calendar years immediately following such date; and (2) retain each commercial or other record relating to barbiturates maintained by them in the usual course of their business or occupation, for not less than two (2) calendar years immediately following the date of such record."

## SUMMARY

A county nurse who administers barbiturates to an indigent patient in a county institution under orders

of the physician employed by the county to care for its indigent patients is exempt from the provisions of Section 3, S.B. 295, Acts 52nd Leg., R.S. 1951, ch. 413, p. 758, relating to unlawful delivery and possession of barbiturates.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

By _Bruce Allen_
Bruce Allen
Assistant

Everett Hutchinson
Executive Assistant

BA:awo:b